## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **RICKY RAUTENKRANZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:10-01230 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On October 19, 2010, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] improperly calculated his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### PROCEDURE AND FACTS

Petitioner was arrested by North Carolina State authorities on May 19, 2007, and held in State custody. United States v. Rautenkranz, Case No. 5:07-cr-261 (E.D.N.C. Feb. 11, 2009), Document No. 48, pp. 2 - 3. Petitioner was "charged with possession of a firearm by a convicted felon, along with the outstanding probation violation warrant." Id., p. 3. Petitioner has remained in continuous custody since his arrest. Id. The State revoked Petitioner's probation on June 25, 2007, and he was

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

ordered to serve two consecutive 11 to 14 month sentences. Id. Petitioner was indicted in the Eastern District of North Carolina on September 5, 2007, for Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) 924 (e)(1). Id. On April 21, 2008, Petitioner pled guilty in the Eastern District of North Carolina to one count of Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) 924 (e)(1). Id., Document No. 21. On February 11, 2009, the Eastern District of North Carolina imposed a 102-month term of imprisonment. Id., Document No. 46. The District Court further directed that "[t]he term of imprisonment imposed by this judgment shall run concurrent to the defendant's imprisonment under any previous state or federal sentence." Id. Petitioner completed his State sentence and was released to Federal custody on May 20, 2009. Id., Document No. 48-1.

On October 19, 2010, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody. (Document No. 1.) First, Petitioner argues that the BOP is unlawfully computing his sentence because "the sentencing judge clearly imposed a 'fully' concurrent sentence in which the [Petitioner] would be credited for his entire length of incarceration. (Id., pp. 2 - 4.) Petitioner states that he should be "credited for his ENTIRE length of incarceration, from the offense date for the sentencing charge, May 19, 2007." (Id., p. 4.) Second, Petitioner contends that he should be awarded prior custody credit for the time he served in State custody. (Id., p. 4.) Petitioner states that the BOP "erroneously stopped the Movant's presentencing credit after only 37 days of confinement on the federal charge."[2] (Id.) Petitioner explains that the "order for concurrent service of my federal sentence with my state sentence is such an order in my

---

[2] Petitioner acknowledges that the received 37 days of jail credit to both his State and Federal sentences. Petitioner complains that his Federal credit stops on June 25, 2007. *United States v. Rautenkranz*, Case No. 5:07-cr-261 (E.D.N.C. Feb. 11, 2009), Document No. 48, p. 3.

2

case, so that the entirety of the state sentence." (Id., p. 5.) As relief, Petitioner requests that the Court award him Federal credit for the "entire length of his incarceration." (Id., p. 6.)

## ANALYSIS

Essentially, Petitioner contends that he is entitled to credit for time spent in State custody beginning on June 25, 2007, the date the State revoked his probation, and ending on February 11, 2009, when the BOP began computation of his Federal sentence for Criminal Action 5:07-0261. The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In addressing any sentencing computation issue, a District Court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), affd, 100 F.3d 946 (3d Cir. 1996).

### A. Petitioner's sentence did not commence until February 11, 2009.

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the

instant case, State authorities arrested Petitioner on May 19, 2007. Accordingly, State authorities obtained primary jurisdiction on May 19, 2007. On June 25, 2007, the State revoked Petitioner's probation and imposed two consecutive 11 to 14 month sentences. On February 11, 2009, the Eastern District of North Carolina imposed a 102-month term of imprisonment. The District Court further directed that "[t]he term of imprisonment imposed by this judgment shall run concurrent to the defendant's imprisonment under any previous state or federal sentence." The record indicates that Petitioner's Federal sentence commenced on February 11, 2009, the date his Federal sentence was imposed. Petitioner argues that the BOP should have awarded him Federal credit beginning June 25, 2007 (the date the State revoked his probation) in order to effectuate the Federal judge's determination that his Federal and State sentences should run concurrently. A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully

concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Although the Eastern District of North Carolina ordered that Petitioner's Federal sentence to run concurrently with his State sentence, Petitioner's sentences may not run fully concurrently. Accordingly, Petitioner's Federal sentence did not commenced until February 11, 2009, the date his Federal sentence was imposed.

### B. Petitioner is not entitled to prior custody credit.

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

   **(1)** as a result of the offense for which the sentence was imposed; or

   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."[3] Wilson, 503 U.S. at 337, 112 S.Ct.

---

[3] Notwithstanding the limitation imposed under Section 3585(b), the Fifth Circuit indicated that a petitioner was entitled to time spent in pre-sentence State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971)(finding that where a petitioner "was denied release on bail [by the State] because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense). In *Kayfez v. Casele*, 993 F.2d 1288 (7th Cir. 1993), the Seventh Circuit found a petitioner serving a concurrent State and federal sentence was entitled to credit against his federal sentence for all of his pre-sentence incarceration even though the pre-sentence time had already been credited against his State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993)(recognizing that by approving "*Willis* time," the BOP often permits what amounts to a form of "double credit" despite the language in Section 3585(b)). The Seventh Circuit, however, acknowledged the limits of its holding in *Kayfez* by finding that its decision does not require federal pre-sentence credits for time served after the commencement of a separate State sentence. *Grigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007)(finding that defendant's reliance upon *Kayfez* was misplaced because "the time for which he seeks credit is not

at 1355 - 1356; <u>also see</u> <u>United States v. Mojabi</u>, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. Petitioner is seeking Federal credit for time period beginning June 25, 2007 (the day his State sentence was imposed) through February 10, 2009 (the day before his Federal sentence was imposed). Petitioner received credit towards his State sentence for the time period of June 25, 2007 (the day his State sentence was imposed) through February 10, 2009 (the day before his Federal sentence was imposed). The BOP may not grant prior custody credit for time that has been credited against another sentence. <u>See</u> <u>United States v. Goulden</u>, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); <u>United States v. Brown</u>, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for June 25, 2007, through February 10, 2009.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal

---

'*Willis* time' because it was not time spent in non-federal *presentence* custody"). In the instant case, Petitioner does not assert that he was denied pre-sentence credit against his Federal sentence. Petitioner acknowledges that the received 37 days of jail credit to both his State and Federal sentences.

Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 17, 2013.

R. Clarke VanDervort
United States Magistrate Judge